Dion Duran

FULL NAME

FILED
CLERK U.S. DISTRICT COURT

AUG 18 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___RS___ DEPUTY

Received  8/18/21
(Date)
Scanned at CSVP and E-mailed
on  8/18/21  by  C. B.
(Date)         (Initials)
Number of pages scanned:
21

COMMITTED NAME (if different)

19025 Wiley's Well Rd.

FULL ADDRESS INCLUDING NAME OF INSTITUTION

Blythe, CA. 92225

BK3757

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DION P. DURAN

PLAINTIFF,

v.

STAN SNIFF, Riverside County
Sheriff, et. al.        DEFENDANT(S).

CASE NUMBER  **5:21-CV-01407-AB-AFM**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   a.  Parties to this previous lawsuit:

      Plaintiff _____

      _____

      Defendants _____

      _____

   b.  Court _____

      _____

   c.  Docket or case number _____

   d.  Name of judge to whom case was assigned _____

   e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

      appealed? Is it still pending?) _____

   f.  Issues raised: _____

      _____

      _____

   g.  Approximate date of filing lawsuit: _____

   h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3.  Is the grievance procedure completed? ☒☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff   Dion Duran  CDCR# BK3757
(print plaintiff's name)

who presently resides at  19025 Wiley's Well Rd. Blythe, CA. 92225
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
Riverside County Jail, 30755 Auld R. Murrieta, CA. 92563
(institution/city where violation occurred)

on (date or dates) _Jan, 2018 - Aug, 2018_, _____, _____.
                        (Claim I)                    (Claim II)                    (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant    Stan Sniff, _____ resides or works at
                 (full name of first defendant)
                 30755 Auld Rd. Murrieta, CA. 92563
                 (full address of first defendant)
                 Riverside County Sheriff
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Sheriff Sniff was ultimately responsible for my medical care, he
allowed his employees to refuse medical care. (see attached pleading)

2.  Defendant    Jane Doe #1 Nurse Heidi _____ resides or works at
                 (full name of first defendant)
                 30755 Auld Rd. Murrieta, CA. 92563
                 (full address of first defendant)
                 Jail Nurse
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Nurse Heidi refused to provide medical treatment for a serious
medical condition. (see attached pleading)

3.  Defendant    Jane Doe #2 Nurse Andrea _____ resides or works at
                 (full name of first defendant)
                 30755 Auld Rd. Murrieta, CA. 92563
                 (full address of first defendant)
                 Jail Nurse
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Nurse Andrea ... refused to provide medical care for a serious
medical Condition. (see attached pleading)

4. Defendant    Other medical staff to be named                            resides or works at
                (full name of first defendant)
                30755 Auld Rd. Murrieta, CA. 92563
                (full address of first defendant)
                Medical personel
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Various other medical staff that refused medical treatment for
a serious medical condition. (see attached pleading)

5. Defendant    Various Sheriff Dpt. Personel                            resides or works at
                (full name of first defendant)
                30755 Auld Rd. Murrieta, CA. 92563
                (full address of first defendant)
                Rank and file deputies to Rank of Capitain
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Capitans ignored grievances complaining of refusal of medical care
and pleas for help. Deputies refused to loosen waist chains aggravating
pain and medical condition. (see attached pleading)

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

The defedants violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment by refusing to provide medical care for a serious medical condition. Moreover through their denial of of medical care they demostrated deliberate indifference to my 8th Amendment rights. (see attached pleading)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(SEE ATTACHED PLEADINGS)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Plaintiff is seeking a total punitive damages in the amount of Fifty Thousand Dollars ($50,000.00) per defendant. Total punitive damages sought are Nine Hundred and Fifty Thousand Dollars ($950,000.00)

Plaintiff is also seking compensatory damages in the amount of Fifty Thousand Dollars($50,000.00) per defendant. Total compensatory damages sought are Nine Hundred and Fity Thousand Dollars($950,000.00)

In addition and seperate to, the above mentioned damages sought Plaintiff is seeking damages for emotional and mental distress, in the amount of Fifty Thousand Dollars($50,000.00) per Defendant. Total Emotional and Mental Distress damges sought are Nine Hundred and Fifty Thousand Dollars. ($950,000.00)

7/18/21
*(Date)*

Dion Duncan #BK3757
*(Signature of Plaintiff)*

CLAIM I

A. STATEMENT OF FACTS

On or around January 15th, 2018, Plaintiff complained to medical staff i.e., a jail nurse, that he was suffering from having bloody bowel movements, abdominal cramping, excessive gas and bloating. The nurse, aksed about the severity of the symptoms and the Plaintiff replied around a "two" on a scale of one to ten. Yet he repeated he was having moderate bleeding when using the restroom. The nurse responded that the problem was "not that bad" and gave him some antacids and sent him back to his housing unit.

Plaintiff took the antacids for approximately one week and the symptoms continued to worsen. He then filed another request for medical attention and was seen on or around January 31st by a different nurse. Plaintiff complained that he was suffering from bloody bowel movements that had increased considerably, increased cramping, and bloating. The nurse asked several questions and then informed Plaintiff that she was referring him to see the doctor.

On or around February 15th, 2018 Plaintiff was seen by Medical Doctor. Plaintiff expalined his symptoms and the severity in which he was experiencing them. He also informed her that he had previously been diagnosed by a private medical doctor as suffering from Ulcertive Colitis. The doctor informed Plaintiff that she would have to acquire his medical records from the outside hospital and speak with her superiors about the course of action that would be taken.

Two weeks later on or around February 28th, Plaintiff had still not been seen by a doctor for any follow up treatment so he filed his first medical grievance. Approximately three or four days later Plaintiff was seen by a Sheriff's Deputy Sargeant Parker. Parker

interviewed Plaintiff about his medical grievance. Plaintiff explained that he had been suffering from medical problems complained of and that he had not received medical care for the problem for more than a month. Parker informed Plaintiff that he could find no evidence that Plaintiff had requested medical care through the medical request process and thusly his grievance moot.

Plaintiff appealed the decision made by parker and it was reviewed by a Sheriff's Department Lieutenant. Lieutenant Reed basically rubber stamped Sargeant Parker's decision to dismiss the grievance. The grievnace was returned to Plaintiff by a rank and file deputy.

Plaintiff then sought the Captain's review for his grievance. A Captain's review is the highest level of review and serves as an exhaustion of administrative remedies. Captain Anne responded to the grievance stating that the lower levels were correctly addressed and that there was no violation of policy or law.

Plaintiff continued to submit medical request for help over the following five months and was only seen by the same nurses. At one visit with the nurse, nurse Andrea, told Plaintiff to "suck it up." "Man up." "Quit being a baby." At no time was Plaintiff seen by a doctor.

On August 16th, 2018 Plaintiff's symptoms reached the point where he had to "go man down." Meaning he required emergency medical services. He was suffering from severe abdominal pain, dizziness, and severe bleeding from his rectum.

Plaintiff was taken to an outside hospital where he was kept as an inpatient for thirty two days. He received a blood transfusion due to loss of blood twice. The case of Ulcertive Colitis had reached a point where he had almost bled to death.

During transportation to the hospital, a Sheriff's Deputy placed waist chains with handcuffs attached around Plaintiff's abdominal area. The deputy cinched the waist chain so tight, it caused increased pain and suffering. When Plaintiff complained of the tightness of the waist chains the Deputy ignored him.

During the entire thirty two day stay in the hospital two Sheriff's Deputies were assigned to keep watch over Plaintiff. Each Deputy worked a twelve hour shift. Both deputies kept Plaintiff shackled in the waist chains the entire thirty two days, only removing them when he showered. Plaintiff constantly complained about the tightness of the waist chains and the pain and discomfort they were causing but both deputies ignored his pleas to loosen the chains. At one point a  Sheriff's Department Sargeant was contacted about the waist chains but he instructed the deputies to leave them on.

The deputies that tightended the waist chains overly tight are to be named as defendants in this suit. Plaintiff exhausted administrative remedies concerning the waist chain issues. All defendants named demosntrated deliberate indifference to Plaintiff's 8th Amendment right to be free from cruel and unusual punishment.

B. ACTIONS OF EACH DEFENDANT UNDER COLOR OF AUTHORITY THAT VIOLATED
PLAINTIFF'S 8th AMENDMENT RIGHTS

Defendant #1: Riverside County Sheriff Stan Sniff.

   Sheriff Sniff was in legal custody of Plaintiff's person at all times
during the total of eight months he complained of serious medical problems
that ended in hospitalisation. During this time Sheriff Sniff failed
to properly supervise or exercise adequate oversight of his employees.
Sheriff Sniff demonstrated that he was deliberately indifferent to
Plaintiff's 8th Amendment rights to be free from cruel and unusual
punishment by his failure to supervise his employees.

Defendant #2: Jane Doe/ Nurse Heidi.

   On or around  January 15th 2018 Nurse Heidi demonstrated deliberate
indifference to Plaintiff's 8th Amendment rights to be free from cruel
and unusual punishment when she failed to provide adequate medical
care to Plaintiff. Plaintiff had complained to Nurse Heidi about passing
blood and abdominal pain. She failed to refer Plaintiff to doctors
for treatment and only supplied him with antacids. Antacids are used
for upper G.I. issues, where bleeding during bowel movements are a
lower G.I. issue. Lack of concern for Plaintiff's safety demonstrated
deliberate indifference.

Defendant #3: Jane Doe/ Nurse Andrea.

   On or around March 15th 2018 Nurse Andrea had  demonstrated deliberate
indifference to Plaintiff's 8th Amendment rights to be free from cruel
and unusual punishment when she refused to provide any medical care
what so ever for complaints of abdominal pain and increased bleeding
druing bowel movements. Her statements to Plaintiff of "Suck it up
dude," "Quit being a big baby," and "Man up." Demonstrated her deliberate
indifference to Plaintiff's 8th Amendment rights while he sought medical
care for an illness that resulted in hospitalisation.

I

Defendant #4: Jane Doe/ Nurse Lupe.

On or around April 1st 2018 Nurse Lupe demonstrated deliberate indifference to Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment when she refused Plaintiff medical care when he complained to her of severe adominal pain and increased bleeding during bowel movements. Nurse Lupe's statement to Plaintiff that, "Unless you're on the ground bleeding we can't help you. Now go back to your housing unit." Demonstrated that Nurse Lupe was deliberately indifferent to Plaintiff's 8th Amendment rights.

Defendant #5 John Doe/ Nurse Anthony.

On or around April 7th 2018 Nurse Anthony demonstrated deliberate indifference to Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment when he refused Plaintiff medical treatment for severe abdominal pain and increased bleeding during bowel movements. His statements that "He would look into it." and then sending Plaintiff back to his housing unit without medical care demonstrated his deliberate indifference to Plaintiff's 8th Amendment rights.

Defendant #6 Jane Doe/ Doctor Evelyn.

On or around February 15th 2018 Doctor Evelyn demonstrated deliberate indifference to Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment when she refused medical treatment for severe abdominal pain and bleeding during bowel movements. Doctor Evelyn informed Plaintiff that she would obtain his medical records and speak to her superiors as to what could be done for him. She sent him away without providing any medical treament what so ever. This demonstrated her deliberate indifference to his 8th Amendment rights.

II

Defendant #7: Jane Doe/ Doctor Angel.

On or around April 15th 2018 Doctor Angel demonstrated deliberate indifference to Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment when she refused to treat his medical complaints of severe abdominal pain and bleeding during bowel movements. Her statement that she "would see what she could do." and then sending Plaintiff back to his housing unit without medical care demonstrated she was deliberately indifferent to his 8th Amendment rights.

Defendant #8: Sheriff's Deputy Sargeant Parker.

On or around March 2nd 2018 Sargeant Parker responded in person to Plaintiff's grievance complaining that he was being refused medical care for severe abdominal pain and bleeding during bowel movements. Sargeant Parker refused to intervene on Plaintiff's behalf demonstrating deliberate indifference to Plaintiff's 8th Amendment rights.

Defendant #9: Sheriff's Lieutenant Reed.

On or around March 17th 2018 Lieutenant Reed responded to the grievance by written response. He refused to intervene on Plaintiff's behalf demonstrating deliberate indifference. Lieutnenat Reed had the authority to order medical attention for Plaintiff but failed to do so.

Defendant #10: Sheriff's Capitain Daniel Anne.

On or around April 3rd Capitain Anne demsontrated deliberate indifference to Plaintiff's 8th Amednment rights when he returned a written response to Plaintiff's grievance and refused to intervene on Plaintiff's behalf. Capitain Anne had the authority to order medical attention for Plaintiff's medical needs but failed to do so.

Defendant #11: Sheriff's Deputy Harris.

On August 16th 2018 Sheriff's Deputy Harris demonstrated deliberate indifference to Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment when he placed waist chains on Plaintiff who

III

was suffering from severe abdominal pain. Harris placed the waist chains

on Plaintiff as tight as he could get them causing increased pain and

suffering. When Plaintiff complained of the increased pain caused by

the waist chains, Harris responded, "Deal with it. If you don't like

it don't come to jail." Harris demonstrated deliberate indifference

by refusing to loosen the waist chains to a tollerable tightness.

Defendant #12: Sheriff's Deputy Burgin.

On and through August 16th to September 17th 2018 Deputy Burgin

demonstrated deliberate indifference to Plaintiff's 8th Amendment rights

to be free from cruel and unusual punishment by placing waist chains

on Plaintiff with the maximum tightness possible. Plaintiff was suffering

from severe abdominal pain coupled with severe bleeding during bowel

movements. He had received two different blood transfusions. Plaintiff

continuously complained of the pain being caused by the waist chains

and Deputy Burgin refused to lossen them. For 32 days Plaintiff was

chained tightly in waist chains while suffering abdominal pain. The

only time Deputy Burgin removed the waist chains was while Plaintiff

showered and then they were replaced by Burgin to the maximum tightness.

Hospital staff requested the chains be loosened and Burgin's only repsonse

would be "don't tell me how to do my job and I won't tell you how to

do yours." Despite repeated pleas to loosen the waist chains due to

their increasing Plaintiff's pain and suffering, Burgin kept them on

as tight as they would go. This demonstrated Burgin's deliberate indifference

to Plaintiff's 8th Amendment rights.

Defendant #13: Sherrif's Deputy Ferrulli.

On and through August 16th to September 17th 2018 Deputy Ferulli

demonstrated deliberate indifference to Plaintiff's 8th Amendment rights

to be free from cruel and unusual punishment by placing waist chains

IV

on Plaintiff with the maximum tightness possible. Plaintiff was suffering
from severe abdominal pain and severe bleeding during bowel movements.
He received two seperate blood transfusions. Plaintiff continuously
complained of the pain being caused by the tightness of the waist chains
and Deputy Ferulli ignored his pleas to loosen them. Deputy Ferulli
removed the waist chains only long enough for Plaintiff to shower and
then he would replace them as tight as they would go. Hospital staff
requested the waist chains be loosened but Ferulli ignored their request.
Ferulli kept Plaintiff chained tightly for 32 days while he was suffering
from severe abdominal pain despite Plaintiff's pleas to have them loosened.
This demonstrated that Deputy Ferulli was deliberately indifferent
to Plaintiff's 8th Amendment rights.

All defendants demonstrated deliberate indifference to Plaintiff's
8th Amendment rights either through their own deliberate actions or
their deliberate inactions to provide medical care for a serious medical
condition. Plaintiff was made to suffer ongoing increased pain for
over 32 continuous days due to overly tight waist chains while suffering
from a severe medical problem that caused abdominal pain.

<u>REQUEST FOR EQUITABLE TOLLING</u>

Plaintiff received the final level response to his grievance on February 7th 2019. The PLRA deadline for filing this 42 U.S.C. 1983 would have been two years from that date, February 7th 2021. However, due to being transported to prison from county jail and the COVID 19 pandemic, including law library restrictions within CDCR, Plaintiff was unable to file his complaint within the time constraints allowed by law.

Plaintiff wishes to point out that the delay in filing was due to circumstances that were not in his control and that it was not due to a lack of due diligence.

The COVID 19 pandemic and the restrictions within CDCR due to the pandemic should qualify for the "special circumstances" requirement for eqitable tolling.

Moreover, Plaintiff wishes to pint out that the United States Supreme Court has made certain allowances in time constraints concerning the filing of petitioner for writs of certiorari. (see attched U.S. Supreme Court order.) That Court granted a "time extension" to petitioners who were inhibited by the COVID 19 pandemic.

Plaintiff respectfully request this Court grant equitable tolling and allow the instant complaint to be filed. He makes this request in good faith and in the interest of justice.

RESPECFULLY SUBMITTED

_Dion Duran #BK3757_
Plaintiff

_7/18/21_
Date

VI

(ORDER LIST: 589 U.S.)

THURSDAY, MARCH 19, 2020

ORDER

In light of the ongoing public health concerns relating to COVID-19, the
following shall apply to cases prior to a ruling on a petition for a writ of certiorari:

**IT IS ORDERED** that the deadline to file any petition for a writ of certiorari
due on or after the date of this order is extended to 150 days from the date of the
lower court judgment, order denying discretionary review, or order denying a timely
petition for rehearing.  See Rules 13.1 and 13.3.

**IT IS FURTHER ORDERED** that motions for extensions of time pursuant to
Rule 30.4 will ordinarily be granted by the Clerk as a matter of course if the grounds
for the application are difficulties relating to COVID-19 and if the length of the
extension requested is reasonable under the circumstances.  Such motions should
indicate whether the opposing party has an objection.

**IT IS FURTHER ORDERED** that, notwithstanding Rules 15.5 and 15.6, the
Clerk will entertain motions to delay distribution of a petition for writ of certiorari
where the grounds for the motion are that the petitioner needs additional time to file
a reply due to difficulties relating to COVID-19.  Such motions will ordinarily be
granted by the Clerk as a matter of course if the length of the extension requested is
reasonable under the circumstances and if the motion is actually received by the
Clerk at least two days prior to the relevant distribution date.  Such motions should
indicate whether the opposing party has an objection.

**IT IS FURTHER ORDERED** that these modifications to the Court's Rules and practices do not apply to cases in which certiorari has been granted or a direct appeal or original action has been set for argument.

These modifications will remain in effect until further order of the Court.





## COIS BYRD DETENTION CENTER

*Memorandum*

**To:**   Inmate Duran #201731408

**From:**   Captain Daniel Anne

**Reference:**   Grievance Appeal

**Date:**   January 25, 2019

*Received: 2/7/19 from Deputy Misini*

---

Inmate Duran,

I reviewed your grievance appeals (dated 1/11/19 and 1/20/19) regarding 1. The quality of the medical care you received and 2. Deptuies putting waist chains on too tightly when you were at the hospital in August-September 2018. I have conferred with Correctional Lieutenant Reed, Correctional Lieutenant Doshier, and Corrections Health Services. I have determined the following:

Correctional Lieutenants Reed and Doshier thoroughly and correctly addressed your first level appeal on December 13, 2018. Sergeant Parker also thoroughly and correctly addressed your initial grievance.

The deputies followed policy in regard to applying waist chains, and the policy will not be changed from using waist chains to handcuffs.

It is the Sheriff's Department's goal to care for your well-being and ensure proper medical care and the Sheriff's Department is committed to the Memorandum of Agreement with Corrections Health Services. As such, we support their autonomy regarding diagnosis of illness/injury and the development of medical treatment plans.  You are advised that matters involving clinical judgments are the sole province of the Medical Director.

I am satisfied your concerns, as outlined in your grievance and appeal, have been appropriately addressed and no further action is anticipated in regard to this grievance.  I have found no violation of law or Department policy.  In the future, please cooperate with medical staff in order to have your medical concerns addressed.

Sincerely,

Captain Daniel Anne